## AMASA CRAFTS *versus* HENRY FORD.

The title acquired by the levy of an execution upon land, is not impaired, should it be shown, that the execution was issued upon a judgment recovered by one of two payees of a note, and it did not appear how he became entitled to recover the judgment in his name alone.

Where a prior deed from the debtor to a third person, of the premises levied upon, is fraudulent as to the title of the execution creditor, even if such fraudulent grantee can object to any informality in the levy, it is good against him, where his objection is, that both the debtors chose an appraiser, when the land was the sole property of one of them.

THIS was a writ of entry to recover a small lot of land in Farmington with a dwellinghouse thereon. The demandant claimed title by a levy on it as the estate of Henry Ford, Jr. and Arthur Morse. On the trial, before SHEPLEY J. it appeared in evidence, that there was an error in describing the lot, in that part of the line, which states it to commence, on the

south line of the land of Henry Russ, and to be in another place bounded by his land, there being another lot between the land intended to be levied on and the land of Russ. In other respects the bounds were correctly described. For this cause, and for defects apparent in the proceedings in making the levy, the counsel for the tenant contended that the demandant obtained no title thereby. But for the purpose of enabling the jury to find the facts, these objections were overruled. Morse never had any title to the lot levied upon, and the return of the officer stated that the debtors chose an appraiser. Henry Ford, Jr. conveyed a tract of land, including the premises demanded, to Ebenezer Bean by deed dated Nov. 7, 1835, recorded the 11th of December of the same year. The demandant proved by Elnathan Pope that he wrote and witnessed the execution of that deed; that it contained all the real estate of Henry Ford, Jr.; that he was then embarrassed, and failed in business, whether before or after cannot say; that Bean was a brother-in-law of Ford, Jr. having married his sister; that he saw nothing paid, nor any security given; that the parties were present, and stated, that Bean was to pay a certain sum in cash to pay Ford's debts, two or three hundred dollars, which it was said Bean had in his house near by, in specie, and they were to go there and make the payment; that another part of the consideration, amount not recollected, was to be paid by certain debts or claims which Bean held against the tenant, Henry Ford, the father of Henry Ford, Jr.; and that a remaining portion of the consideration was to be applied by Bean for the benefit and support of Henry Ford, Sen.

It appeared, that Henry Ford, Sen. had paid the consideration for the purchase of the estate, when it was conveyed to Henry Ford, Jr. The report of the case states, that a question was made, whether the deed was not so made by the procurement and hand of Henry Ford, Jr. but the finding of the jury negatived any fraud in this particular. On this testimony the jury were instructed, that if they believed that the agreement between Ford, Jr. and Bean as to the purchase of the land, had been carried into effect, that deed must be regarded

as fraudulent, as against Henry Ford, Jr.'s prior creditors, un- less Henry Ford, Jr. was under some legal obligation to sup- port his father, of which there was no evidence.

The notes upon which the demandant obtained judgment, to satisfy which the levy was made, were made by the judg- ment debtors to the judgment creditor and one Perham, and it did not appear how or when Perham parted with his interest in them to the demandant. One of the notes was dated the 11th of May, 1832, the other the 24th of November, 1834. The counsel for the tenant contended, that the demandant could not be considered in law as a prior creditor, but the Court decided otherwise. The verdict was for the demandant.

If in giving these opinions or instructions, the Judge was in error, the verdict was to be set aside ; and if the defects in the levy are such as to prevent the demandant from obtaining any title under it, he was to become nonsuit.

*H. Belcher* argued for the tenant, and cited, *Herring* v. *Polly*, 8 Mass. R. 113 ; *Banister* v. *Higginson*, 15 Maine R. 73.

*Wells* argued for the demandant, and cited, *Tibbets* v. *Merrill*, 3 Fairf. 122 ; *Herring* v. *Polly*, 8 Mass. R. 113 ; *Buck* v. *Hardy*, 6 Greenl. 162 ; *Johnson* v. *Whitwell*, 7 Pick. 71 ; *Harris* v. *Sumner*, 2 Pick. 129 ; *Barney* v. *Nor- ton*, 2 Fairf. 350 ; *Damon* v. *Bryant*, 2 Pick. 411 ; *Howe* v. *Ward*, 4 Greenl. 195 ; *Read* v. *Davis*, 5 Pick. 388.

The opinion of the Court was drawn up by

WHITMAN C. J. — The plaintiff claims under a levy, on the estate demanded, as the property of Henry Ford, Jr. and one Morse. Before the levy the estate had been conveyed, by said Henry, Jr. to one Bean, under whom the tenant claims to oc- cupy the same. It appears, that the cause of action, on which the plaintiff's judgment was recovered, was originally evi- denced by two notes of hand, given by the said Henry, Jr. and said Morse, bearing date, the one in 1832, and the other in 1834 ; and the deed to Bean was made in the year following. The notes were originally given to the plaintiff and one Per- ham ; but suits were instituted on them by the present plaintiff

alone. How he came by the right to recover the judgment in his own name alone does not appear; nor is it material that it should. It is sufficient that it stands so recovered. The plaintiff was, therefore, a creditor at the time of the conveyance to Bean; and, as such, had a right to set up fraud to obviate its effect upon his levy. The proof on the part of the plaintiff was such, that the jury found the conveyance to have been fraudulent as against creditors.

The deed upon which the tenant relies having thus been found to be fraudulent, as against the plaintiff, is, as to him and his levy, to be treated as a nullity. Bean and his tenant, the defendant, may, therefore perhaps, be regarded as strangers, and as such having no right to question the regularity of the levy. *Buck* v. *Hardy*, 6 Greenl. 162. However this may be, according to the case of *Herring & al.* v. *Polley*, 8 Mass. R. 113, they are precluded from taking the ground relied upon. A levy is a statutory mode of conveyance; and in this case it may be likened to a conveyance by two persons jointly of real estate, of which one only is the owner, in which case the conveyance would be effectual to pass the estate of the one owning it.

It was objected at the trial, that the levy was defective by reason of an error in the boundary set forth; but in the argument of the case reserved this ground was not insisted on.

It was further objected, as it appeared, that the consideration originally paid for the land, when purchased by Henry, Jr. was paid by Henry, Sen. the tenant, that, so far as it affected his rights, under the conveyance to Bean, the same could not be regarded as fraudulent. But no explanation of that transaction appears, from which an inference can be made, that the money paid by him was not Henry, Jun's or due to him, or not intended as an advancement, Henry, Jr. being his son, or as a gratuity. We cannot therefore consider this objection as of any weight. And, moreover, it does not appear, that, in the conveyance to Bean, any reservation was inserted for the benefit of the tenant. He has, therefore, no ground upon which he can be sustained against the claim of the plaintiff.

*Judgment on the verdict.*